ROBERT HARKNESS & al. versus WALDO COUNTY COM-
MISSIONERS.

An application to the County Commissioners for the location, alteration, or discontinuance of a highway is made "at one of their regular sessions," if presented at an adjournment of a regular session.

A petition for a *certiorari* to quash the proceedings of the County Commissioners in laying out a highway, because they have adjudged the way prayed for to be of common convenience and necessity and yet have laid out but a portion of it will not be granted on the application of such persons only, as have no interest to be affected, otherwise than as members of the community, by the omission to lay out the remaining portion of that way.

The County Commissioners by adjudging that the way prayed for is of common convenience and necessity, adjudge each portion of it to be so.

Under the provisions of the Revised Statutes, County Commissioners have power to lay out a highway wholly within the limits of one town.

A PETITION was presented and addressed to this Court, signed by Robert Harkness and others, all of Camden in the county of Waldo, in the following terms : —

"The petitioners respectfully represent, that a petition was presented to the Court of County Commissioners at an ad-journed term of said Court, for the county of Waldo, on the second Tuesday of October, 1844, praying said Commission-ers to locate and establish a county road from Fish's mills, so called, in the town of Hope, thence by Ingraham's corner, in Camden, thence easterly intersecting the new road leading from Goose river village to Thomaston, near and northerly of the dwellinghouse of Albert Eells in Camden, and that in pursuance of said petition the said Commissioners on the 19th day of November, 1844, proceeded to view the route set forth in said petition and thereupon located and established a por-tion of the road prayed for and ordered the same to be re-corded, which said route passes over and takes the land of your petitioners. And your petitioners further represent that all that portion of the road prayed for in said petition, leading from Ingraham's corner to the road near Albert Eells' dwell-inghouse, is wholly within the town of Camden, and does not connect with or intersect any county road at its termina-tion near Albert Eells' dwellinghouse, and is not necessary for

the accommodation of the travel from town to town ; and all that portion of the , route from Ingraham's corner, in the town of Camden, to Fish's mills, in the town of Hope, has long since been located, and established, and used as a public high-way. *And your petitioners further represent that the said* Commissioners have only located and established that part of the road set forth in said petition which is wholly without the limits of the town of Camden, viz : the part from Ingraham's corner to the road near Albert Eells' dwellinghouse, and have altered and discontinued two several portions of the remaining part of said located and established highway, both of which are entirely within the limits of the . town of Camden, and have exercised no jurisdiction whatever over any portion of that part of the route prayed for, which is in the town of Hope, all of which is, and for a long time has been, a public highway.

" And your petitioners further say, that all that portion of the road which has been located and established, is a town way, not needed for the public travel, and if necessary at all, only so for the convenience and accommodation of a small portion of the citizens of Camden, and that the same, or nearly the same route, having been once laid out by the select-men of Camden, as a town way, the inhabitants of said town, at a legal meeting, refused to accept the same.

" And your petitioners object to the legality and validity of the doings of said Commissioners in locating and establishing said way, for the following reasons : —

" 1st. Because the original petition was not presented at a stated session of the County Commissioners.

" 2d. Because it appears of record that the said Commissioners have adjudged the entire route prayed for in the original petition to be of common convenience ' and necessity, which said route so adjudged, they have not located and established.

" 3d. Because it does not appear of record that they have adjudged that portion of the route actually located and established, to be a route of common convenience and necessity.

" 4th. Because said original petition only prayed for the establishment of a new county road between the termini described therein, and it appears of record that the said Commissioners have located and established a road wholly within the limits of the town of Camden, and not connecting with or leading to another town, or from town to town, of which, by law, they had no jurisdiction.

" Wherefore your petitioners pray that a writ of *certiorari* may be issued to the said County Commissioners, directing them to certify their record to this Court, and that the same may be quashed."

*W. H. Codman*, for the petitioners for a *certiorari*, argued in support of the reasons therefor, given in their petition. In remarking upon the last objection, he cited the statute of Feb. 8, 1839, and commented upon the cases *New Vineyard* v. *Somerset*, 15 Maine R. 21, and *Parsonsfield* v. *Lord*, 23 Maine R. 511.

*Weeks*, County Attorney, argued for the County Commissioners, and among others, took these objections to granting the petition : —

Presenting a petition for a road at an adjournment of a regular session of the Commissioners' Court is sufficient. *Parsonsfield* v. *Lord*, 23 Maine R. 515. An adjudication that the whole of a route prayed for is of common convenience and necessity, adjudges that every part of it is. The doings of the County Commissioners do not affect the petitioners, and therefore the Court will not interfere. The law is settled, that the acts of the Commissioners were legal. 15 Maine R. 21 ; 23 Maine R. 511.

*N. T. Talbot* argued for the original petitioners, and added to the citations of the County Attorney, 11 Mass. R. 417 ; 8 Greenl. 292 ; 5 Mass. R. 420 ; 3 Fairf. 210 ; Rev. St. c. 25, § 1 and 3.

The opinion of the Court was drawn up by

Shepley J. — These petitioners desire to bring before the Court the proceedings of the County Commissioners of this

county, on a petition filed in October, 1844, to have a highway laid out leading from Fish's mills in the town of Hope, to a way near the dwellinghouse of Albert Eells in the town of Camden, to have them quashed.

The first error alleged is, that the petition was not presented at a stated session of the County Commissioners. The statute c. 25, § 1, provides that it should be presented "at one of their regular sessions." It was presented, while they were in session in the month of October, by an adjournment of the August term. A petition presented during a regular session, at any period of the session, is presented at a regular session. *Parsonsfield* v. *Lord,* 23 Maine R. 515.

The second is, that the Commissioners have adjudged the whole way prayed for to be of common convenience and necessity, and have laid out a portion of it only. Some of the petitioners are the owners of lands, over which the way laid out passes. Others of them have no private interest. No one of them can be affected otherwise than as members of the community by the omission to lay out the remaining portions of that way; and as they have not suffered any private injury, they cannot insist, that the Court for that cause should quash the proceedings.

On the third error assigned it is sufficient to remark, that by adjudging the way prayed for to be of common convenience and necessity, they adjudged each portion of it to be so.

The fourth error alleged is, that they had by law no jurisdiction to lay out a highway within the limits of a town. The history of the legislation and decisions respecting it is a little singular. The statute passed in the year 1821, c. 118, contained a provision copied from a statute of Massachusetts, which had received a construction authorizing the court of sessions to lay out a highway within the limits of a town for the reason, that one might be required for the public convenience to pass through a part of a town, where there might be no occasion for a town way. That provision authorized the court of sessions to lay out or alter highways "from town to

town or place to place." This Court considered, that the legislature had adopted that construction by the use of the same language.

When the courts of sessions were abolished, and their powers transferred to County Commissioners, by the act of March 10, 1831, c. 500, it was provided, "that all and every petition for the laying out, alteration, or discontinuance of any highway or common road leading from town to town, shall be presented to the County Commissioners." The words from place to place were omitted. This Court came to the conclusion, for the reasons there stated, in the case of *New Vineyard* v. *Somerset*, 15 Maine R. 21, that the like power was conferred upon the County Commissioners to lay out a highway within the limits of a town. At the next session of the legislature, the act of February 8, 1839, was passed, depriving them of that power, without conferring upon them or upon town officers the power to alter or discontinue an inconvenient or useless portion of a highway within the limits of a town. This condition of the law appears to have been noticed by the commissioners for the revision of the statutes, and they, in a note to c. 25, as reported to the legislature, presume that it was not the intention by the act of February 8, 1839, to restrict the powers of the County Commissioners in the alteration or discontinuance of any county road before laid out. And yet such power could exist only by the construction, which had been given to the act of March 10, 1831. For the power to alter or discontinue was no broader by that act, than the power to lay out. They appear therefore to have framed the first section of that chapter to meet, what they supposed might have been the intention of former legislative bodies, by giving the power to lay out new highways from town to town only ; and the power to alter or discontinue any highway, whether within the limits of a town or not. But the legislature rejected that provision. And appear to have resorted to the act of 1831, and to have re-enacted that provision, which had received a judicial construction, with some but no important change in the language, so far as its interpretation

may be affected, thereby making the power to locate co-extensive with the power to alter or discontinue. And if the section should not now receive the same construction, which the substance of the provision had before received, the same difficulties then pointed out as the result of a different construction would be still found to exist. Hence the inference is very pressing, that the legislature by adopting the substance of the provision contained in the act of 1831, must have intended to do it with the construction, which it had received. And that the reason for rejecting the provision reported was not to refuse to the County Commissioners the power to alter or discontinue a highway within the limits of a town, but to grant with it the power to lay out highways within such limits. It cannot fairly receive any other construction, unless the Court should come to the conclusion, that it was the deliberate intention of the legislature to refuse to confer the power upon any state or town officers to alter or discontinue an inconvenient or useless highway existing within the limits of a town. The prohibitory act of 1839 was repealed by the general repealing act of the Revised Statutes.

*Writ refused.*